**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rene McMasters, now Rene McMasters Ronaghan,
Respondent,

v.

H. Wayne Charpia and Jody E. Charpia, Defendants,

Of Whom H. Wayne Charpia is the Appellant.

Appellate Case No. 2022-000952

———————————

Appeal From Dorchester County
William P. Keesley, Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-235
Submitted June 6, 2023 – Filed June 14, 2023

———————————

**AFFIRMED**

———————————

H. Wayne Charpia, of Summerville, pro se.

Frank M. Cisa, of The Law Firm of Cisa & Dodds, LLP,
of Mt. Pleasant, for Respondent.

———————————

**PER CURIAM:**  H. Wayne Charpia appeals the circuit court's administrative dismissal of his Rule 60(b), SCRCP, motion, titled "Motion to set aside sale/void

and set aside judgment."  On appeal, Charpia argues multiple issues.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court was not required to hold a hearing on Charpia's motion. *See RE: Operation of the Trial Courts During the Coronavirus Emergency (As Amended August 27, 2021)*, 2020-000447 (S.C. Sup. Ct. Order dated August 27, 2021) (explaining judges are encouraged to continue to follow the following guidance to ensure the timely and just resolution of cases: "A trial judge may elect not to hold a hearing when the judge determines the motion may readily be decided without further input from the lawyers.").

We further hold the circuit court did not err by administratively dismissing Charpia's motion, which was supported by the allegation of fraud upon the court, because Charpia filed the motion in 2021—more than one year after the 2017 sale. *See* Rule 60(b)(3), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud . . . ."); *id.* ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.").[1]

**AFFIRMED.**[2]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] In light of this court's disposition, we need not address Charpia's remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.